**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS EDUARDO RODRIGUEZ REYES (A No. 241-367-927),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-06887-JLT-SAB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Carlos Eduardo Rodriguez Reyes is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. (Doc. 6-1 at 1.) In December 2024, Petitioner immigrated to the United States with his family at the age of sixteen. (*See id*. at 1, 2.) Petitioner's father presented himself and his family at the border with a scheduled CBP One Appointment. (*Id.*) At that time, Petitioner and his family were processed for removal under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (*Id*. at 3; Doc. 6-2 at 1, 4.) Petitioner was then released

on his own recognizance. (*See* Doc. 1 at 8; Doc. 6-3 at 2.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal.[1]

On August 8, 2026, local police arrested the Petitioner for failing to stop at a red light and driving without a driver's license. (Doc. 6-3 at 2.) According to Petitioner, he passed the red light because his brakes failed, and the officer only gave him a warning. (Doc. 1 at 8.) Nonetheless, local police contacted ICE. (Doc. 6-3 at 2.) Apart from this traffic violation, Petitioner has no criminal history. (*Id.*; Doc. 1 at 8.) ICE subsequently detained the Petitioner on August 10, 2026, pursuant to an I-200 administrative warrant. (Doc. 6-3 at 2; Doc. 6-4 at 1.) Petitioner was then transferred to California City Detention Facility, where he remains. (Doc. 1 at 1.)

On August 28, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights have been violated. (Doc. 1 at 6–8.) On September 19, 2026, Respondents filed an opposition arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), but conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) Petitioner is entitled to a custody redetermination hearing before an Immigration Judge. (Doc. 6.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention violates his due process rights. (Doc. 1 at 6–8.) To the extent that Respondents substantively address Petitioner's due process argument, they

[1] Upon entering Petitioner's A-Number into EOIR's website, the automated case information confirms that there is no removal order in place. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 28, 2026).

assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 6 at 1 n.1.) Courts nationwide, including this one, have rejected Respondents' legal position and found DHS's policy unlawful. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

3. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 28, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE